UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>MARK ENRIQUEZ,<br>　　　　Defendant. | Case No. 11-cr-00672-PJH-1<br><br>**ORDER RE REQUEST FOR INFORMATION ABOUT SENTENCE AND NOTICE RE: SECTION 2255 MOTION**<br><br>Re: Dkt. No. 60, 63 |

　　　　Defendant Mark Enriquez, appearing pro se, submitted a letter to the court, filed December 12, 2014, asking "has my federal time stopped [as] of the day I was transferred to 'Nevada.'" Doc. no. 60. He further asks "is there some kind of 'motion or procedure' that I can file to maybe at least to please have my 'fed time' run concurrent with my 'Nevada time.'" The government filed a response to Enriquez's letter seeking information about his sentence.

　　　　Enriquez subsequently submitted another letter, filed December 22, 2014, asking for information from the Bureau of Prisons. Doc. no. 63. The court hereby addresses Enriquez's inquiries.

**I.　　DISCUSSION**

　　　　**A.　Federal Sentence Runs Consecutive to State Sentences**

　　　　Enriquez was charged with conspiracy to commit identity theft in violation of 18 U.S.C. § 371, and a criminal forfeiture allegation pursuant to 18 U.S.C. § 982, by indictment filed September 15, 2011. On December 22, 2012, the court granted the government's motion for issuance of a writ of habeas corpus ad prosequendum, ordering

that Enriquez be brought to the court from Washoe County, Nevada, where Enriquez was in custody, for his initial appearance on the charges and for all times necessary until the termination of proceedings in this court.  Enriquez made an initial appearance before the magistrate judge on February 12, 2013.  Enriquez was set to be sentenced in two unrelated pending cases in Nevada on January 17, 2013, but his Nevada sentencing date was reset to August 1, 2013.

Enriquez pleaded guilty to the sole count of the indictment, and on June 26, 2013, he was sentenced by this court to a term of 46 months imprisonment and supervised release for a term of 3 years.  Enriquez represents in his two letters that he was transferred to Nevada on August 1, 2013 for the pending state charges, doc. no. 63, and was sentenced in state court for two consecutive sentences, each with a term of 6 to 15 years, doc. no. 60.  Enriquez indicates that his case worker informed him that his federal sentence has stopped, and he asks whether that is because he is in state custody and, if so, why.  Doc. no. 60.

As the government states in its response, Enriquez's federal sentence will commence on the day he is received into federal custody to serve his sentence, which cannot begin until he has completed his state sentences.  "A federal sentence commences 'on the date the defendant is received in custody awaiting transportation to, or arrives . . . at, the official detention facility at which the sentence is to be served,' 18 U.S.C. § 3585, not when sentence is imposed."  *Taylor v. Reno*, 164 F.3d 440, 445 (9th Cir. 1998).  At the time the federal sentence was imposed by this court, the state of Nevada had primary jurisdiction over Enriquez.  "The term 'primary jurisdiction' in this context refers to the determination of priority of custody and service of sentence between state and federal sovereigns."  *Id.* at 444 n.1.  Where, as here, a defendant is brought before a federal court pursuant to a writ of habeas corpus ad prosequendum, "which ordered a defendant who was held in state custody to be produced for sentencing in federal court on a specific date 'and also at such other times as may be ordered by the said court,'" the writ ad prosequendum is "sufficient to support the delivery of the

defendant to federal court on a later date without interrupting the state's priority of jurisdiction." *Id.* at 445 (citing *Thomas v. Brewer*, 923 F.2d 1361, 1365 (9th Cir. 1991)). Until Nevada relinquishes primary jurisdiction over Enriquez, this court lacks authority to place him into federal custody to commence his federal sentence. *Id.*

When the court sentenced Enriquez to 46 months in custody, the court did not order that the federal sentence run concurrently with the state sentences, which had not yet been imposed. This court imposed a sentence that runs consecutively to the state sentences. *See* 18 U.S.C. § 3584 ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."). As discussed above, Enriquez's federal sentence does not begin to run until he arrives in federal custody after serving his state sentences.

**B.  Section 2255 Governs Motions to Vacate, Set Aside or Correct Sentence**

Enriquez also indicates that at sentencing it "was never addressed" whether his his sentence would be affected regardless of the outcome of his sentencing by the state court in Nevada. The government points out that the judgment of conviction, including the 46-month sentence, is final. *See* 18 U.S.C. § 3582(b). Enriquez asks the court if there is a motion or procedure to ask that the federal sentence and state sentences run concurrently. Such a motion to vacate, set aside or correct the sentence is governed by 28 U.S.C. § 2255. However, a court may not recharacterize a pro se litigant's motion as the litigant's first § 2255 motion unless the court informs the litigant of its intent to do so. *Castro v. United States*, 540 U.S. 375, 377 (2003). As the Ninth Circuit Court of Appeals explained:

> When presented with a pro se motion that could be recharacterized as a 28 U.S.C. § 2255 motion, a district court should not so recharacterize the motion unless: (a) the pro se prisoner, with knowledge of the potential adverse consequences of such a recharacterization, consents or (b) the district court finds that because of the relief sought that the motion should be recharacterized as a 28 U.S.C. § 2255 motion and offers the pro se prisoner the opportunity, after informing the prisoner of the consequences of recharacterization, to withdraw the motion. Under either scenario, the pro se prisoner has the option to withdraw the

> motion and file one all-inclusive 28 U.S.C. § 2255 motion within the one-year statutory period.

*United States v. Seesing*, 234 F.3d 456, 464 (9th Cir. 2001).  If this is not done, a recharacterized motion will not count as a § 2255 motion for purposes of applying § 2255's "second or successive" provision.  *Castro*, 540 U.S. at 377.

Enriquez has not expressly filed a motion seeking relief from the sentence, but asks whether there is a motion or procedure for running his federal sentence concurrently with the state sentences.  Very liberally construed, this inquiry could be recharacterized as a motion to vacate, set aside or correct the sentence.  As required under *Castro* and *Seesing*, the court will provide Enriquez an opportunity to clarify whether he seeks relief pursuant to § 2255 and provide him notice of the potential adverse consequences of treating his request for relief as a § 2255 motion.  That is, before recharacterizing the inquiry as a motion to vacate, set aside or correct his sentence pursuant to § 2255, the court provides Enriquez with notice that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, *Castro*, 540 U.S. at 383, and provides him an opportunity to clarify whether he seeks to recharacterize his request as a motion under § 2255.  In the interest of managing the court's docket, the court will set a deadline of 60 days from the date of this order by which Enriquez must either (1) consent to having the motion for sentence relief construed as a § 2255 motion, or (2) file a § 2255 motion, if he chooses not to consent to recharacterizing his request as a § 2255 motion.

In the event that Enriquez either consents to having the request for information construed as a § 2255 motion or files a § 2255 motion, the court notes two issues that must be addressed if Enriquez seeks relief under § 2255.  First, Enriquez waived his right to file a motion challenging his sentence by entering the plea agreement, in which Enriquez agreed not to file a § 2255 motion or other collateral challenge to his conviction or sentence, except for a claim for ineffective assistance of counsel in connection with the negotiation of the plea agreement or with the entry of the guilty plea.  If Enriquez seeks relief from the sentence in a motion under § 2255, he should show that such a motion

1  would not be waived by the plea agreement.

2  Second, it appears that the motion may be barred by the one-year statute of
3  limitations. *See* 28 U.S.C. § 2255(f). A motion to vacate, set aside or correct a federal
4  sentence under § 2255 must be filed within one year of the latest of the date on which:
5  (1) the judgment of conviction became final; (2) an impediment to making a motion
6  created by governmental action was removed, if such action prevented petitioner from
7  making a motion; (3) the right asserted was recognized by the Supreme Court, if the right
8  was newly recognized by the Supreme Court and made retroactive to cases on collateral
9  review; or (4) the facts supporting the claim or claims presented could have been
10 discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). In appropriate
11 circumstances, the statute of limitations in § 2255 may be subject to equitable tolling.
12 *United States v. Battles*, 362 F.3d 1195, 1196 (9th Cir. 2004). If Enriquez seeks relief
13 under § 2255, he should address whether there are grounds for equitable tolling of the
14 limitations period.

15 **C.    Request for BOP Documents**

16 By letter filed December 22, 2014, Enriquez asks for information from the Bureau
17 of Prisons about his earliest possible release date and computation of credits. The court
18 lacks authority to grant and compute prison credits. *United States v. Checchini*, 967 F.2d
19 348, 349 (9th Cir. 1992) (citing *United States v. Wilson*, 503 U.S. 329, 333 (1992) ("[W]e
20 conclude that § 3585(b) does not authorize a district court to compute the credit at
21 sentencing.")). Enriquez must therefore seek this information from the BOP.

22 **II.   *Castro* Notice**

23 The court hereby provides notice of the potential adverse consequences of
24 recharacterizing the request for information about the sentence as a § 2255 motion:

**NOTICE**

26 The court may not recharacterize a pro se litigant's motion as a first § 2255 motion
27 unless either the pro se prisoner consents, with knowledge of the restrictions on second
28 or successive motions, or the court offers the pro se prisoner the opportunity, after

informing the prisoner of the consequences of recharacterization, to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. *Castro*, 540 U.S. at 383; *Seesing*, 234 F.3d at 464. "Under either scenario, the pro se prisoner has the option to withdraw the motion and file one all-inclusive 28 U.S.C. § 2255 motion within the one-year statutory period." *Seesing*, 234 F.3d at 464.

Under *Castro* and *Seesing*, the court HEREBY NOTIFIES Enriquez that to seek relief under § 2255, he must either (a) file a statement consenting to the recharacterization of his request for sentence relief as a motion to vacate, set aside or correct the sentence under § 2255, or (b) file a motion bringing all claims for relief pursuant to § 2255 in a single, all-inclusive motion. Failure to assert all of the grounds for relief in a single motion may preclude Enriquez from asserting other grounds in a second or successive § 2255 motion. If Enriquez does not file a response to this notice within sixty (60) days, the letter requesting information about a "motion or procedure" will not be construed as a § 2255 motion.

### III. CONCLUSION

For the foregoing reasons, IT IS ORDERED that for the request for information about a motion or procedure to be recharacterized as a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, Enriquez may, within sixty (60) days of the date of this order, either

(a) file a statement indicating his consent to recharacterizing his motion as a § 2255 motion and addressing whether the motion is not waived by the plea agreement and is not untimely; or

(b) file a single, all-inclusive § 2255 motion that asserts all his claims for collateral relief and addresses whether the motion is not waived by the plea agreement and is not untimely.

//

//

If within sixty (60) days of the date of this order, the court has received nothing from Enriquez, the request for information about a "motion or procedure" will not be construed as a § 2255 motion.

**IT IS SO ORDERED.**

Dated: January 15, 2015

_____
PHYLLIS J. HAMILTON
United States District Judge