UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>MARK ENRIQUEZ,<br>Defendant. | Case No. 11-cr-00672-PJH-1<br><br>**ORDER DISMISSING § 2255 MOTION WITH PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY**<br><br>Re: Doc. No. 67 |

Before the court is the petition of defendant Mark Enriquez, appearing pro se, for the court to order that the sentence imposed on June 26, 2013, run concurrently with the sentences imposed on August 1, 2013, by the state court in Nevada. Doc. no. 67. Enriquez is currently serving his state sentences in Nevada, and has previously inquired about serving concurrent sentences, which the court addressed in the Order Re Request For Information About Sentence And Notice Re: Section 2255 Motion, entered January 15, 2015. Doc. no. 64. In that order, the court explained that Enriquez's federal sentence will commence on the day he is received into federal custody to serve his sentence, which cannot begin until he has completed his state sentences. *Id.* at 2-3 (citing 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.")).

The court also notified Enriquez of the potential adverse consequences of treating his request for relief as a motion under 28 U.S.C. § 2255, and gave him the opportunity to either (a) file a statement indicating his consent to recharacterizing his request for information as a § 2255 motion and addressing whether the motion is not waived by the

plea agreement and is not untimely; or (b) file a single, all-inclusive § 2255 motion that asserts all his claims for collateral relief and addresses whether the motion is not waived by the plea agreement and is not untimely. Doc. no. 64 at 5-6 (citing *Castro v. United States*, 540 U.S. 375, 377 (2003); *United States v. Seesing*, 234 F.3d 456, 464 (9th Cir. 2001)). By separate order, the court granted Enriquez's request for additional time to respond to the January 15, 2015 order, to July 1, 2015. Doc. no. 66. Enriquez did not timely file a § 2255 motion or consent to recharacterizing his request for information as a § 2255 motion.

To the extent that Enriquez seeks modification of his term of imprisonment, he does not assert grounds for modification or correction of the sentence pursuant to 18 U.S.C. § 3582(c), such as post-sentencing substantial assistance, compassionate release or a sentencing range under the applicable Sentencing Guidelines that was subsequently lowered. Under § 3582(b), the judgment of conviction imposed on June 26, 2013, which included a prison sentence, "constitutes a final judgment for all other purposes."

To the extent that Enriquez seeks relief under § 2255 to vacate, set aside, or correct the sentence, the court construes the petition as a § 2255 motion and conducts an initial review to determine whether it presents a cognizable claim for relief and requires a response by the government. A district court must summarily dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

Enriquez asserts in his § 2255 motion that the "best course of action" would be to shift the cost of his 46-month prison term to the state by ordering his federal sentence to be served concurrently with his state sentences, and that he will be afforded the opportunity to change and improve his life while in state custody. Doc. no. 67 ¶¶ 10-11. Enriquez also asserts that the Bureau of Prisons should give him credit for time served in

2

1  state custody from when he was remanded to state custody on July 29, 2013, *id.* ¶ 12,
2  but as the court has already ruled, the court lacks authority to grant and compute prison
3  credits. Doc. no. 64 at 5 (citing *United States v. Checchini*, 967 F.2d 348, 349 (9th Cir.
4  1992)) (citation omitted). None of these assertions present a claim that "the sentence
5  was imposed in violation of the Constitution or laws of the United States, or that the court
6  was without jurisdiction to impose such sentence, or that the sentence was in excess of
7  the maximum authorized by law, or is otherwise subject to collateral attack," that would
8  be cognizable under § 2255. The motion also fails to present any cognizable claim for
9  relief on the separate grounds (1) that the motion is waived by the plea agreement to
10 count one of the indictment charging a violation of 18 U.S.C. § 371 (conspiracy to commit
11 identity theft) that was entered by Enriquez on April 10, 2013, and (2) that the motion is
12 untimely.

Upon review of the § 2255 motion, the record and the relevant authority, the court concludes that the motion conclusively shows that Enriquez is entitled to no relief. *See* 28 U.S.C. § 2255(b). Therefore, neither a hearing nor a response from the government is required, and the motion is **DISMISSED WITH PREJUDICE**. *See Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985). This is a final order disposing of the § 2255 motion to vacate, set aside, or correct the sentence.

### DENIAL OF CERTIFICATE OF APPEALABILITY

28 U.S.C. § 2253(c)(1) precludes an appeal from a final order in a proceeding under § 2255 unless a circuit justice or judge issues a certificate of appealability ("COA"). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Williams v. Calderon*, 83 F.3d 281, 286 (9th Cir. 1996). Pursuant to Rule 11(a) Governing Section 2255 Proceedings, the court declines to issue a certificate of appealability because reasonable jurists would not find

//
//

3

debatable whether the § 2255 motion conclusively shows that Enriquez is not entitled to relief.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED.**

Dated:  August 30, 2017

_____
PHYLLIS J. HAMILTON
United States District Judge