UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>MARK ENRIQUEZ,<br>　　　　Defendant. | Case No. 11-cr-00672-PJH-1<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>Re: Doc. No. 70 |

　　　　Before the court is the motion filed by defendant Mark Enriquez, appearing pro se, for the court to reconsider his request for a recommendation to have his federal sentence run concurrently with his state sentence. Doc. no. 70. By order entered August 30, 2017, the court dismissed with prejudice his previous motion asking the court to order that his federal sentence run concurrently with his state sentence. Doc. no. 69. The court construed his request for sentence relief as a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, having previously provided him with notice of the potential adverse consequences of treating his request for relief as a § 2255 motion. Doc. no. 64 at 5-6 (citing *Castro v. United States*, 540 U.S. 375, 377 (2003); *United States v. Seesing*, 234 F.3d 456, 464 (9th Cir. 2001)).

　　　　As the court noted in the August 30, 2017 order, Enriquez is currently serving his state sentences in Nevada, and has previously inquired about serving concurrent sentences, which the court addressed in the Order Re Request For Information About Sentence And Notice Re: Section 2255 Motion, entered January 15, 2015. Doc. no. 64. In that order, the court explained that Enriquez's federal sentence will commence on the

day he is received into federal custody to serve his sentence, which cannot begin until he has completed his state sentences. *Id.* at 2-3 (citing 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.")).

Enriquez seeks reconsideration on the ground that he did not seek correction of his sentence but only the court's recommendation to the Bureau of Prisons that his federal sentence run concurrently with the state sentences so that the BOP could consider his request for a nunc pro tunc designation of the state prison as the place of confinement for his federal sentence. Doc. no. 70 at 6. As Enriquez recognizes, this court did not have authority to order that the federal sentence run consecutively to, or concurrently with, his state sentences, because the state court had not yet imposed the sentences at the time of the federal sentencing. *Id. See United States v. Neely,* 38 F.3d 458, 461 (9th Cir. 1994) ("a federal court does not acquire discretion to impose a concurrent sentence until the defendant has been sentenced by another court"); *United States v. Clayton*, 927 F.2d 491, 492–93 (9th Cir. 1991) (a federal district court may not direct a federal sentence to be served consecutive to a state sentence not yet imposed).

Rather, the Nevada state court, which sentenced Enriquez after this court issued the judgment and conviction in this case, considered whether the state sentences would run concurrently with his federal sentence and ordered, instead, that his state sentences run consecutively to his federal sentence. The court takes judicial notice of the publicly available orders of the Nevada Supreme Court affirming the sentences imposed by the Washoe County District Court: (i) 72 to 180 months imprisonment on a conviction, pursuant to a guilty plea, for obtaining and/or using the personal identification information of another, "to run consecutive to the sentences in his other crimes;" and (ii) 72 to 180 months imprisonment on a conviction, pursuant to a guilty plea, for establishing or possessing financial forgery laboratory, "to be served consecutively to any other sentences he has to serve." *Mark Sioson Enriquez v. The State of Nevada,* No. 63939 (Nev. Mar. 12, 2014) and No. 63954 (Nev. Apr. 10, 2014). In the order affirming the

1 sentence on the conviction for establishing or possessing financial forgery laboratory, the state supreme court noted that the sentencing court rejected the parties' recommendation of 48 to 120 months to be served concurrently with the sentence to be imposed in Enriquez's other state court case, and denied his request "to have the sentence imposed concurrently with the sentence imposed against him in a federal case," by ordering the prison term "to be served consecutively to any other sentences he has to serve." *Enriquez,* No. 63954, *slip op.* at 2. Accordingly, Enriquez's federal sentence does not begin to run until he arrives in federal custody after serving his state sentences.

Here, Enriquez asks the court to reconsider his request to recommend that his federal sentence run concurrently with the state sentences so that he can request a nunc pro tunc designation of the state prison as his place of confinement for his federal sentence, which amounts to a request to correct the sentence to include such a recommendation pursuant to 28 U.S.C. § 2255. Doc. no. 70 at 2. Absent federal statutory authority, a district court does not have inherent authority to amend the sentence after entry of the judgment and commitment order. *United States v. Ceballos*, 671 F.3d 852, 854 (9th Cir. 2011). Although Enriquez contends that he never intended his "nunc pro tunc" petition to be construed as a § 2255 motion, an application filed in the sentencing court, and substantively within the scope of § 2255, is a motion under § 2255, regardless of how the prisoner captions the application. *United States v. Buenrostro*, 638 F.3d 720, 722 (9th Cir. 2011) (citing *Gonzalez v. Crosby*, 545 U.S. 524 (2005)). Enriquez provides no ground for reconsideration of the court's earlier ruling dismissing his motion to correct the sentence with prejudice: (1) he has not shown that a material difference in fact or law exists from that which was presented to the Court before entry of the order for which reconsideration is sought; (2) he has not shown the emergence of new material facts or a change of law occurring after the time of such order; and (3) he has not demonstrated a manifest failure by the court to consider material facts or dispositive legal arguments. *See* Civil L.R. 7-9(b) (applicable to criminal actions by operation of Crim. L.R. 2-1).

For the reasons set forth above, the motion for reconsideration is DENIED.

**IT IS SO ORDERED.**

Dated: October 12, 2017

_____
PHYLLIS J. HAMILTON
United States District Judge